UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 12-30095 |
| ) | |
| TIMOTHY OSBOURNE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING COMMENTARY**

Defendant Timothy Osbourne, through his court-appointed counsel, Assistant Federal Public Defender Daniel Hillis, provides this sentencing commentary for this Court's consideration:

1) The statutory range of imprisonment for this offense is 15 years to life imprisonment. *See* 18 U.S.C. §§ 922(g)(1) and 924(a)(2)(, (e)(1); *see also* Presentence Investigation Report ("PSR") at p. 1.

2) Mr. Osbourne's advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G.") is 168-210.  Because the low-end of the Guideline range is less than the statutory minimum, Mr. Osbourne's Guideline range is 180-210 months. *See* U.S.S.G. § 5G1.1(c)(2); *see also* PSR at ¶ 81.

3) The parties will jointly recommend a 180 month sentence (*i.e.*, 15 years imprisonment).

4) A 0-5 year period of supervised release may also be imposed. *See* 18 U.S.C. § 3583(b)(1). The advisory range for supervised release is 2-5 years. *See* U.S.S.G. § 5D1.2(a)(1). The primary purpose of supervised release is to help a defendant to transition from prison into society. *See United States v. Johnson*, 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) ("Congress intended supervised release to assist individuals in their transition to community life."). "Supervised release . . . is not punishment in lieu of incarceration," *United States v. Granderson*, 511 U.S. 39, 50, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994). Indeed, it is notable that "the only [traditional sentencing] factor not relevant to a court's decision of whether to impose supervised release . . . is 'the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" *See* U.S. Sentencing Comm'n, Federal Offenders Sentenced to Supervised Release 8–9 (2010) (quoting 18 U.S.C. § 3553(a)(2)(A)). As *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012), "[t]his omission reinforces the idea that the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment. *Id.*

5) The PSR does not set forth any facts to show why Mr. Osbourne's reintegration into society cannot be accomplished in a fairly short period of time. With 15 years in prison, Mr. Osbourne will have the opportunity to complete programs of study, counseling and anything else that might otherwise require the prolonged assistance of a probation officer. Moreover, his imprisonment will lead to complete abstinence from drugs and

alcohol, and end the primary causes of his past criminal conduct.  Accordingly, a 1 year erm of supervised release would be apropriate.

6) The Government bears the burden of showing the necessity of supervised release conditions.  *See, generally, United States v. Rudd*, 662 F.3d 1257, 1260 (9th Cir. 2011).  Any condition that is imposed must satisfy the three statutory requirements laid out in 18 U.S.C. § 3583(d).  The condition must be reasonably related to at least one of following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs.  *See* 18 U.S.C. § 3583(d)(1).  Also, the condition must involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation.  *See* 18 U.S.C. § 3583(d)(2). Furthermore, the condition must be consistent with any pertinent policy statements issued by the Sentencing Commission.  *Id.* at § 3583(d)(3). Finally, the condition must comport with the relevant constitutional provisions. *See, e.g., United States v. Pruden*, 398 F.3d 241, 250 (3d Cir.2005) (Article III's grant of authority over cases and controversies to the courts limits the courts' ability to delegate federal judicial power to non-Article III persons or entities).

7)  As to the total ban on alcohol use contained in ¶ 86, the PSR does not explain how the condition is reasonably related to § 3583(d)(1). The condition—because it bans all "any"

alcohol use—is also broader than necessary.  Even the relevant statute prohibits only the "excessive" use of alcohol.  *See* 18 U.S.C. § 3563(b)(7).  Similarly, U.S.S.G. § 5D1.3(b)(7) prohibits the "excessive" use of alcohol.  As for ¶ 86's prohibition on "mood altering substances", the vagueness of such a restriction makes it void. *See United States v. Simmons*, 343 F.3d 72, 81 (2d Cir. 2003)  ("Due process requires that the conditions of supervised release be sufficiently clear to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." (internal quotation marks omitted)).

8) As to ¶ 87's requirement that Mr. Osbourne participate in a cognitive based therapy program ("CBT") at the "direction of the probation officer" and at Mr. Osbourne's expense, such a condition is problematic is several regards.[1]  The lack of explanation for what the CBT program is or why it is necessary with relation to § 3583(d)(1) makes the condition infirm.  Furthermore, if Mr. Osbourne is required to attend sessions, complete assignments, bear the expense of his transportation, etc., it negatively impacts his liberty interest.  Finally, the delegation of authority to the probation office requiring Mr. Osbourne's participation in the program would violate Article III of the U.S. Constitution.

---

[1] Counsel understands there is noble intention with respect to the proposed CBT requirement, however Counsel's client's have experienced some ill-consequences with respect to their required CBT participation.  Client's have had to take time off work, travel long distances, arrange for transportation by people who drive them to class, etc.  Furthermore, failure to complete the course would be a Grade C violation and subject the client to revocation of supervised release.  To avoid these risks, clients should instead be allowed to get voluntary treatment through any similar type of programs that exist in the Bureau of Prisons or the community at large.

The fact that an indigent person such as Mr. Osbourne would have to pay for the program is also a problem.  If the condition could be imposed, that aspect of the condition should not.

9) Regarding ¶ 88's requirement that Mr. Osbourne participate in psychiatric services as directed by the probation officer, take medication, and pay for any such services, the condition poses problems.  First, there is no explanation showing why the condition is necessary with respect to § 3583(d)(1).  Second, the condition negatively impacts Mr. Osbourne's constitutional liberty interests.  Third, the delegation of authority to the probation office would violate Article III of the U.S. Constitution.  Fourth, requiring the indigent Mr. Osbourne to pay for the services unfairly burdens this poor man.

10) For the reasons stated above, Mr. Osbourne respectfully requests a 180 month sentence, and a 1 year term of supervised release whose terms are in accord with the concerns expressed above.  Such a sentence would be sufficient but not greater than necessary to achieve an appropriate sentence under § 3553.

            Respectfully submitted,

            TIMOTHY OSBOURNE, Defendant
By:   s/ Daniel J. Hillis
            Daniel J. Hillis, AFPD
            IL State Bar ID 6256087
            600 East Adams Street, 2nd Floor
            Springfield, Illinois  62701
            Telephone: (217) 492-5070
            E-mail: Dan_Hillis@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sends notification of such filing to:

Bryan Freres, AUSA
Office of the United States Attorney
318 S. 6th Street
Springfield, Illinois 62701

                                              By:   s/ Daniel J. Hillis
                                                      Daniel J. Hillis
                                                        Assistant Federal Public Defender
                                                        IL State Bar ID 6256087
                                                        600 East Adams Street, 2nd Floor
                                                        Springfield, Illinois  62701
                                                        Telephone: (217) 492-5070
                                                        Fax: (217) 492-5077
                                                        E-mail: Dan_Hillis@fd.org